795 So.2d 652 (2000)
Ex parte Donna S. BRADFORD.
(In re State of Alabama Home Builders Licensure Board and its Recovery Fund v. Donna S. Bradford).
1982169.
Supreme Court of Alabama.
December 15, 2000.
Richard S. Shinbaum of Shinbaum, Abell, McLeod & Vann, Montgomery; and Fred D. Gray, Sr., of Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, for petitioner.
Bill Pryor, atty. gen.; Kathy Perry Brasfield, asst. atty. gen.; and Kathy S. LeCroix, deputy atty. gen., for respondent Alabama Home Builders Licensure Board.
*653 Charles Cleveland of Cleveland & Cleveland, P.C., Birmingham, for amici curiae Gary W. Houser and Tina H. Houser.

On Application for Rehearing
COOK, Justice.
This Court's opinion of July 21, 2000, is withdrawn, and the following is substituted therefor.
The circuit court ordered that the State of Alabama Home Builders Licensure Board and its Recovery Fund were obligated to pay Donna Bradford $50,000, pursuant to Ala.Code 1975, § 34-14A-15. The Court of Civil Appeals reversed the circuit court's judgment. State Home Builders Licensure Bd. v. Bradford, 795 So.2d 648 (Ala.Civ.App.1999). We granted Bradford's petition for certiorari review.
The Court of Civil Appeals held that "the notice to be given the board at the commencement of the action [i.e., an action against a licensed home builder] is an essential initial requirement one must meet in order to secure a recovery from the fund." We disagree. Section 34-14A-15 explicitly provides for dual notice, that is, one who sues a licensed home builder must notify the Licensure Board at the time the action is commenced and the licensed home builder must notify the Licensure Board within 10 days after receiving notice of a complaint. The dual-notice provision allows the Licensure Board to receive notice early in the litigation, so that it may assert its position, should it desire to do so. Although the statute provides that the complainant is to notify the Licensure Board when it files the complaint, in the absence of evidence that the Licensure Board was prejudiced the homeowner is not precluded from recovering. We, therefore, reverse and remand.
The circuit court's judgment is as follows:
"This matter came on for consideration on the Court's Order that the Homebuilders Licensure Board Recovery Fund (Licensure Board) show cause why it should not be required to pay funds in this cause pursuant to Sec. 34-14A-15 of the Code of Alabama. The underlying facts and status of the case are as follows:
"The underlying lawsuit in this matter is a case in which the plaintiff, Donna Bradford (Owner), sued various defendants, including Howard D. Royal, individually and doing business as Diamond R. Construction Company (Builder). Royal, doing business as Diamond R. Construction Company, was a licensee of the Licensure Board at the time of the alleged incompetent construction work that occurred in this case. The lawsuit alleged incompetency and negligence on the part of the Builder. The alleged incompetency occurred during the time that the Builder was a licensee, which was in 1995. The lawsuit was filed March 31, 1997. The Owner states, and it is uncontroverted, that she had no knowledge at that time that the Builder was licensed by the [Board]. The fact that the Builder was licensed by the [Board] was first learned by the plaintiff in the course of discovery in connection with this litigation in June, 1998. Promptly thereafter, notice of the pendency of the lawsuit was sent by the complainant to the Licensure Board. The cover letter for the said notice is dated June 4, 1998. The Court has judicial knowledge of the fact that on June 4, 1998, this case was far from over. The case was still very much alive and an active case on this Court's docket. There was at that time ample time for the Licensure Board to assert any of its rights pursuant to Sec. 34-14A-15. The undersigned judge conducted an initial scheduling conference in connection with *654 this case on May 18, 1998. All indications at that time were that the case would be tried before a jury during a two-week term beginning August 17, 1998. The Court conducted a docket call to examine the status of the cases for trial on July 17, 1998, more than a month after the Licensure Board was notified of the pendency of the lawsuit. Hearings were conducted by the Court on various issues at the time of the docket call and thereafter, including some rather acrimonious allegations concerning counsel. Ultimately, the case was mediated by the parties and as a result of mediation, judgment was entered against the Builder on August 24, 1998. At the same time, a judgment was also entered against other defendants. On November 3, 1998, the judgment was set aside as to one defendant, but the setting aside of the judgment as to that defendant in no way affected the entry of judgment on August 24, 1998, as to the Builder. On August 24, 1998, a verified complaint was filed by the Owner against the Licensure Board. It was received by the Licensure Board on August 25, 1998. The judgment that was entered includes a finding of incompetency and negligence on the part of the Builder.
"By way of comparison, the Court notes that defendants in lawsuits are routinely given only 30 days to answer lawsuits and there is no policy reason why the Licensure Board should be given a greater amount of time to respond to complaints which it receives. The Licensure Board had ample opportunity to intervene in this litigation and protect its interests, but for reasons of its own failed to do so.
"Indication from counsel for the Licensure Board during the course of the present hearing was to the effect that `we have so many complaints that we could not possibly respond to all of them,' or words to that effect. She further indicated that the Board never responds to a complaint until they get a verified complaint that a judgment has been entered. Thus, it is clear that the Licensure Board, as a matter of policy, does not usually assert a right to intervene in litigation of this type. Nevertheless, the Licensure Board vehemently asserts that its rights have been denied in this case. Such is not the case. The Board, in making its assertion, relies on a sentence from the statute which reads as follows:
"`When a complaint is filed which may result in liability for the recovery fund, the complainant shall notify the board in writing, by certified mail, when the action is commenced.'
"The statute is silent as to what is required if the claimant does not know that the builder was licensed and that the fund was implicated. One of the issues therefore for determination by this Court is whether failure of the complainant to give notice `at the time the lawsuit was commenced' precludes a recovery from the fund in this case.
". . . .
"The Court's analysis and resolution of the issues above stated [are] as follows:
"1) Failure of the complainant to give notice at the time the lawsuit was commenced does not preclude recovery. In making this determination, the Court relies on the following factors:
"A. The complainant did not know and had no means of knowing whether the Builder was licensed. It was the honest belief of the Owner that the Builder was not licensed.
"B. Promptly upon the discovery of the fact that the Builder was licensed, the Owner gave notice of the pendency of the lawsuits to the Licensure Board.

*655 "C. For the reasons stated above, there was no prejudice to the Licensure Board because of the failure to give notice earlier. It is the standard policy of the Board not to exercise its right to intervene, etc., or participate in any way in pending litigation until after judgment has been entered. This finding is based upon the representations of counsel.
"D. The recovery fund is a fund established for the purpose of protecting owners who do business with licensed builders. To deprive an owner of the right to assert a claim against the fund maintained by the treasury of the State of Alabama would be denial of due process if that right were precluded without notice to the owner. Due process and state action in this matter run in the opposite direction from the contentions of the attorneys for the Board.
"E. Sound interpretation of the statute itself requires this result. The statute not only requires that the complainant give notice to the Licensure Board; it also requires that the licensee give notice to the Licensure Board.[[1]] Certainly, it would not be a reasonable interpretation of the statute to say that the owner, who has no knowledge of the relationship between the builder and the board, should be penalized for that lack of knowledge when an alternative scheme of notice is also provided. The clear import of dual notice requirements is that everyone involved should seek to give the Board notice at the earliest opportunity and that substantive due process requirement has been served in the present case.
". . . .
"Pursuant to Section 34-14A-15 of the Code of Alabama, the Home Builders Licensure Board Recovery Fund is obligated to pay to the Owner $50,000.00 and it is so ordered...."
We find no fault in the circuit court's reasoning. Therefore, we reverse the judgment of the Court of Civil Appeals and remand for that court to reinstate the judgment of the circuit court.[2]
APPLICATION OVERRULED; OPINION OF JULY 21, 2000, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
*656 HOOPER, C.J., and MADDOX, JOHNSTONE, and ENGLAND, JJ., concur.
HOUSTON, SEE, LYONS, and BROWN, JJ., dissent.
HOUSTON, Justice (dissenting). I dissent.
"When a complaint is filed which may result in liability for the recovery fund, the complainant shall notify the board in writing, by certified mail, when the action is commenced." Ala.Code 1975, § 34-14A-15 (fourth paragraph). (Emphasis added.)
"[S]hall" means shall. I adopt the Court of Civil Appeals' well-reasoned opinion as my dissent. The Legislature created the Recovery Fund, Ala.Code 1975, § 34-14A-15. Without such legislation, the plaintiff would have no right to recover any sum from the State of Alabama Home Builders Licensure Board and its Recovery Fund. The Legislature also specified what a potential claimant must do, as a condition precedent, to recover from the Recovery Fund. The plaintiff did not do what she was required to do to recover. The Court of Civil Appeals correctly decided this case. The majority opinion is rewriting legislation because some Justices do not interpret "shall" to mean "shall." See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Let the Legislature be the Legislature.
BROWN, J., concurs.
SEE, Justice (dissenting).
I dissent for the reasons stated by Justice Houston in his dissent.
NOTES
[1] Section 34-14A-15, Ala.Code 1975, provides, in part:

"Each licensee shall notify the board within 10 days after notice to him or her of the institution of any criminal prosecution against him or her, or of a civil complaint against him or her, if the subject matter of the civil complaint involves a residential home building transaction or involves the goodwill of an existing home building business or licensee. The notification shall be in writing, by certified mail, and must include a copy of the complaint....
"Each licensee shall notify the board in writing by certified mail within 10 days after he or she receives the notice ... that a civil action in which he or she was a defendant and which involved a home building transaction or the goodwill of a home building business has resulted in a judgment or been dismissed."
[2] In opposition to the application for rehearing, amici curiae Gary W. Houser and Tina H. Houser state:

"The minority opinion criticize[s] the majority opinion as rewriting legislation and exclaim[s]: `Let the Legislature be the Legislature.'... The statute does not explicitly provide any penalty for the failure of the homeowner to give the prejudgment notice. It does not explicitly or implicitly provide that failure to give such notice would result in a forfeiture of the homeowner's rights. The minority's opinion would rewrite the statute to create a court-made forfeiture that the legislature did not see fit to require."
Brief of Amici Curiae in Opposition to Application for Rehearing, at 3.